UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARNELL MAURICE DUKES,<br><br>   Plaintiff,<br><br>   v.<br><br>TAMMY SOTO, JOHN PEARCE,<br><br>   Defendants. | Case No.  1:21-cv-01570-HBK<br><br>FINDINGS AND RECOMMENDATIONS TO DENY PLAINTIFF'S MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS* UNDER 28 U.S.C. § 1915(g)[1]<br><br> FOURTEEN-DAY OBJECTION PERIOD<br><br>(Doc. No.  2)<br><br>ORDER TO ASSIGN TO DISTIRCT JUDGE |

Plaintiff Darnell Maurice Dukes, a prisoner incarcerated at California State Prison-Corcoran, initiated this action by filing a *pro se* civil rights complaint under 42 U.S.C. § 1983 on October 21, 2021.  (Doc. No. 1).  Plaintiff seeks leave to proceed *in forma pauperis* ("IFP motion").  (Doc. No. 2).

For the reasons discussed below, the undersigned recommends the district court deny Plaintiff's IFP motion under 28 U.S.C. § 1915(g) because Plaintiff has had at least three dismissals that constitute strikes and he has not established he meets the imminent danger

---

[1] This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Eastern District of California Local Rule 302 (E.D. Cal. 2019).

exception. Plaintiff must pay the full filing fee if he wishes to proceed with a civil action.

## I. BACKGROUND AND FACTS

The Complaint names the following defendants: Tammy Soto, a registered nurse, and John Pearce, a physician. (Doc. No. 1 at 1). At this stage of the proceedings, the Court accepts the following factual allegations set forth in the Complaint as true. On March 18, 2020, Plaintiff had shoulder surgery at Alvarado Hospital in San Diego, California. (*Id.* at 4). The surgeon prescribed Plaintiff "proper medication for this pain and suffering," but Defendant Soto prescribed him Tylenol-Codeine contrary to the surgeon's prescription. (*Id.*). Plaintiff states because he takes Gabapentin, he should have never been prescribed Tylenol with codeine for his pain. (*Id.*). As a result, Plaintiff experienced "severe diarrhea, inability to hold down food and liquid[s], pain and loss of weight," which symptoms he states remain ongoing. (*Id.*).

Plaintiff attaches medical documents, including copies of his health care grievances and the institution's responses to his Complaint. (*Id.* at 8-25). The medical documents confirm Plaintiff had shoulder surgery on March 18, 2020. (*Id.* at 8). Plaintiff tolerated the procedure and was discharged that same day to prison. (*Id.*). The nursing staff reviewed the discharge treatment recommendations and did not find non-formulary use of oxycodone appropriate at that time and instead found short-term course of acetaminophen with codeine appropriate post-operative pain management. (*Id.*). Plaintiff did not agree that the nurse could change the surgeon's recommendations for post-operative pain medication. (*Id.* at 10-12).

Plaintiff received post-operative follow-up care on March 19, 2020, at which time Plaintiff was encouraged to use pain mediation only as needed. (*Id.* at 8, 15). Four days later, Plaintiff reported to medical with diarrhea symptoms and was ordered to discontinue acetaminophen with codeine. (*Id.*). Plaintiff submitted a medical grievance noting diarrhea, severe pain, and inability to hold down food resulting in dehydration and loss of sleep on March 22, 2020. (*Id.* at 18). However, on March 24, 2020, Plaintiff reported to the medical department and denied unexplained weight loss or gain. (*Id.* at 15). Regular Tylenol without codeine was prescribed for pain. (*Id.*).

Plaintiff continued to receive medical care and received a plan of care that included

2

physical therapy and pain medication. (*Id.* at 8, 16) (noting Plaintiff had physical therapy on April 28, 2020, April 30, 2020, May 5, 2020, May 7, 2020, May 12, 2020, May 14, 2020, and May 19, 2020). Medical notes reflect Plaintiff reported to the medical department and he was encouraged to continue a self-exercise program and gentle stretches, and to report to medical for continued monitoring. Improvement to Plaintiff's left shoulder was noted and Plaintiff did not have any medical complaints. (*Id.* at 8). Plaintiff is enrolled in a Chronic Care Program. (*Id.*). As relief, Plaintiff requests monetary damages and other relief this Court deems just and equitable. (*Id.* at 5).

## II.  APPLICABLE THREE STRIKE LAW

The "Three Strikes Rule" states:

> In no event shall a prisoner bring a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in the United States that was dismissed on grounds that it was frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Part of the Prison Litigation Reform Act, the Three Strikes Rule was enacted to help curb non-meritorious prisoner litigation. *See Lomax v. Ortiz-Marquez,* 140 S. Ct. 1721, 1723 (2020) (citations omitted). Under § 1915(g), prisoners may be barred from bringing a civil action and paying the fee on a payment plan once they have had, on prior occasions, three or more cases dismissed as frivolous, malicious, or for failure to state a claim. *Id.*; *see also Andrews v. Cervantes*, 493 F.2d 1047, 1052 (9th Cir. 2007).

To determine whether a dismissal counts as a strike, a reviewing court looks to the dismissing court's actions and the reasons underlying the dismissal. *Knapp v. Hogan*, 738 F.3d 1106, 1109 (9th Cir. 2013). For a dismissal to count as a strike, the dismissal had to be on a "prior occasion," meaning it occurred before plaintiff initiated the instant case. *See* 28 U.S.C. § 1915(g). A dismissal counts as a strike when the dismissal of the action was for frivolity, maliciousness, or for failure to state a claim, or an appeal was dismissed for one of those reasons. *Lomax*, 140 S. Ct. at 1723 (citing Section 1915(g)); *see also Washington v. Los Angeles Cty. Sheriff's Dep't*, 833 F.3d 1048 (9th Cir. 2016) (reviewing dismissals that count as strikes);

*Coleman v. Tollefson*, 135 S. Ct. 1759, 1761 (2015) (dismissal that is on appeal counts as a strike during the pendency of the appeal). Regardless of whether the dismissal was with or without prejudice, a dismissal for failure to state a claim counts as a strike under § 1915(g). *Lomax,* 140 S. Ct. at 1727. When a district court disposes of an *in forma pauperis* complaint by requiring payment of the full filing fee, then such a complaint is "dismissed" as a strike for purposes of § 1915(g). *Louis Butler O'Neal v. Price*, 531 F.3d 1146, 1153 (9th Cir. 2008). A dismissal for failure to state a claim based on qualified immunity counts as a strike. *Reberger v. Baker*, 657 F. App'x 681, 683-84 (9th Cir. Aug. 9, 2016). Further, where a court dismisses a complaint for failure to state claim with leave to amend, the court's subsequent dismissal for failure to comply with a court order by failing to file an amended complaint constitutes a strike for purposes of § 1915(g). *Harris v. Magnum*, 863 F.3d 1133, 1143 (9th Cir, 2017). Further, where lack of exhaustion is clear from the face of the complaint, then the dismissal counts as a strike. *See El-Shaddai v. Zamora*, 833 F.3d 1036, 1043–44 (9th Cir. 2016).

Dismissals that do *not* count as § 1915(g) strikes include dismissals of habeas corpus petitions, unless the habeas was purposefully mislabeled to avoid the three strikes provision. *See generally El-Shaddai v. Zamora*, 833 F.3d 1036, 1046 (9th Cir. 2016). Denial or dismissal of writs of mandamus petitions, dismissals under the *Younger*[2] abstention doctrine, or under *Heck v. Humphrey*[3] generally do not count as a strike, but in some instances *Heck* dismissals may count as a strike. *See Washington v. Los Angeles Cty. Sheriff's Dep't*, 833 F.3d at 1055-58 (9th Cir. 2016) (citations omitted) (recognizing some *Heck* dismissals may count as strikes but noting others do not; and reiterating abstention doctrine dismissals and writs of mandamus do not count as strikes). Dismissal of a claim based on sovereign immunity does not count as a strike. *Hoffman v. Pulido*, 928 F.3d 1147 (9th Cir. 2019). The Ninth Circuit also does not count cases dismissed for lack of jurisdiction as strikes. *Moore v. Maricopa Cty. Sheriff's Off.*, 657 F.3d 890, 894 (9th Cir. 2011). Finally, the Ninth Circuit has ruled that if one reason supporting a dismissal is not a reason enumerated in § 1915A, then that reason "saves" the dismissal from counting as a strike. *Harris*

---

[2] *Younger v. Harris*, 401 U.S. 37 (1971).
[3] *Heck v. Humphrey*, 512 U.S. 477 (1994).

*v. Harris*, 935 F.3d 670 (9th Cir. 2019).

Once prisoner-plaintiffs have accumulated three strikes, they may not proceed without paying the full filing fee, unless "the complaint makes a plausible allegation" that the prisoner "faced 'imminent danger of serious physical injury' at the time of filing." *Andrews v. Caervantes*, 493 F.3d 1047, 1051-52 (9th Cir. 2007) (addressing imminent danger exception for the first time in the Ninth Circuit). The Court must construe the prisoner's "facial allegations" liberally to determine whether the allegations of physical injury are plausible. *Williams v. Paramo*, 775 F.3d 1182, 1190 (9th Cir. 2015). However, assertions of imminent danger may be rejected as overly speculative, fanciful, "conclusory or ridiculous." *Andrews*, 493 F.3d at 1057, n.11.

The foregoing law must be taken in the context of Congressional intent when enacting the Prison Litigation Reform Act, under which § 1915(g) falls. As the Supreme Court recently discussed in *Lomax*, the purpose of § 1915(g) was to curb the "flood of nonmeritorious claims," and to allow the court a mechanism to recognize a "three striker," deny IFP on that basis, and dismiss the case if the full filing fee is not paid, thereby permitting time for consideration of suits more likely to succeed. *Lomax*, 140 S.Ct. at 1726; *see also Bruce v. Samuels*, 577 U.S. 82, 85 (2016) (the PLRA was designated to filter out the bad claims filed by prisoners and facilitate consideration of the good, resulting in the payment of all future filing fees payable up front for those prisoner-plaintiffs deemed three-strikers).

### III.  ANALYSIS

**A.  Plaintiff Has Three or More Qualifying Strikes**

Plaintiff is identified as a "three-striker" on the national *Pro Se* Three Strike Database. Further a review of the Pacer Database reveals plaintiff has filed at least 40 other civil actions or appeals in a court of the United States. And previous to this lawsuit, has been denied *in forma pauperis* status under § 1915(g) due to his three-strike status. Although not exhaustive, for purposes of this report and recommendation, each of the following cases are properly deemed qualifying § 1915(g) strikes and each were entered before Plaintiff commenced the instant action:/

5

| /Date of Order | Case Title | Disposition |
|---|---|---|
| June 28, 2019 | *Dukes v. California Dep't of Corr.*, Case No. 1:18-cv-288-LJO-BAM (E.D. Cal. 2019) | Dismissed for failure to exhaust administrative remedies apparent on face of the complaint. |
| December 1, 2016 | *Dukes v. Cal. Corr. Healthcare Systems*, Case No., 2:16-cv-2307-KHN (E.D. Cal. 2016) | Dismissed for failure to state a claim. |
| April 23, 2012 | *Dukes v. L.D. Zamora, et. al.*, Case No. 1:12-cv-01014-LJO-SKO (E.D. Cal. 2012 | Finding complaint failed to state a claim and directed to file an amended complaint. Dismissed for not filing an amended complaint. |
| November 29, 2011 | *Dukes v. Cash, et. al.*, Case No. 2:11-cv-9460-UA-MAN (C.D. Cal. 2011) | Denied motion to proceed *in forma* pauperis because Plaintiff was deemed a three-striker and ultimately dismissed after not paying the filing fee. |

As far back as 2011, Plaintiff's three-strike status was noted. *See e.g. Dukes v. Cash*, Case No. 2:11-cv-9460-UA-MAN (C.D. Cal. 2011). As evidenced by the above, Plaintiff clearly has three or more qualifying strikes for purposes of § 1915(g).

**B. The Imminent Danger Exception Does Not Apply**

Because Plaintiff has three-qualifying strikes, he may not proceed IFP unless the Complaint contains plausible allegations that Plaintiff is in imminent danger of serious physical injury as of the date the Complaint was filed. *Andrews*, 493 F.3d 1047, 1052-53 (9th Cir. 2007) (emphasis added). Here, liberally construing the Complaint, the undersigned find it contains no plausible allegations sufficient to allege Plaintiff was in imminent danger of serious physical injury when he filed the action. The surgery necessitating pain medication took place over 18 months ago. Plaintiff's allegations of imminent danger of serious physical injury are related to the onset of symptoms he describes he experienced after taking Tylenol with codeine for pain following that surgery, specifically including diarrhea, inability to keep down food and liquids, abdominal pain, and weight loss. (Doc. No. 1 at 4). These allegations are directly contradicted by the documents Plaintiff incorporates within his Complaint. The documents Plaintiff attaches

6

belie his allegations that his serious medical symptoms are continuing in nature. The documents confirm that, while Tylenol with codeine caused Plaintiff to experience diarrhea initially, medical staff advised Plaintiff to discontinue it. (*Id.* at 8, 15). The documents show Plaintiff has been regularly receiving medical care following his shoulder surgery, including post-operative check-ups, care plans, and physical therapy. (*Id.* at 8-17). Further, Plaintiff on March 24, 2020, Plaintiff denied unexplained weight loss. (*Id.* at 15). Based on this record, the Court may, and does here, disregard allegations contradicted by facts established in exhibits to the Complaint. *See Sprwell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2011) (a plaintiff may plead himself out of a claim by including . . . details contrary to his claims); *see also Cooper v. Yates*, No. 1:09-cv-85-AWI-MJS P, 2010 WL 4924748, *3 (E.D. Cal. Nov. 29, 2010) (courts may disregard factual allegations contradicted by facts established by reference to exhibits attached to the complaint). Disregarding Plaintiff's contradicted allegations of continuing injury, his remaining allegations are insufficient to invoke the § 1915(g) exception because they do not plausibly show imminent danger. *Andrews*, 493 F.3d at 1057, n.11. Based on the foregoing, the undersigned recommends Plaintiff's IFP motion be denied under § 1915(g) due to Plaintiff's three-striker status and the failure to meet the imminent danger exception.

Accordingly, it is **ORDERED:**

The Clerk shall randomly assign this case to a district court judge.

It is further **RECOMMENDED**:

Plaintiff's IFP motion be denied and, if Plaintiff fails to pay the $402.00 filing fee within a specified time set by the District Court, the case be automatically dismissed.

NOTICE TO PARTIES

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with these findings and recommendations, a party may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834,

838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

Dated:     December 9, 2021

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE